UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODIS BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-1894-AGF |
| | ) |
| THOMAS EARL ANDERSON, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Thomas Earl Anderson's motion to remand. Plaintiff has not responded to the motion, and the time for doing so has passed. For the following reasons, the Court grant defendant's motion and will order the Clerk of Court to remand this action to the Circuit Court of the City of St. Louis.

### **Background**

On July 8, 2019, pro se plaintiff Theodis Brown removed this personal injury action from the 22nd Judicial Circuit Court of the City of St. Louis. *See Brown v. Anderson,* No. 1822-CC00256 (22nd Jud. Cir. 2019). Plaintiff originally filed this action in the Circuit Court for the County of St. Louis, alleging defendant injured him in an automobile accident. Based on the docket sheet in the state court case, venue was transferred from the County of St. Louis to the City of St. Louis on February 6, 2018. The case remains pending in St. Louis City Circuit Court, and the docket sheet does not reflect that plaintiff has given any notice to the state court of his filing of this notice of removal. *Id.*

In his notice of removal, plaintiff states in full, "Come now pro se insured motorist plaintiff motion to invoke USDC removal from state to federal court." Plaintiff indicates on his civil cover

sheet that the basis of jurisdiction is diversity, but does not allege the citizenship of defendant. In the caption of his civil cover sheet, however, plaintiff indicates that both he and defendant reside in St. Louis County. As to the nature of this suit, plaintiff has checked the box for a RICO claim. He also states he is requesting $1 billion in damages.[1]

On August 2, 2019, defendant filed a motion to remand. Defendant states this Court has no subject matter jurisdiction because plaintiff has not alleged a federal question, the parties are not diverse, and the amount in controversy does not exceed $75,000. Defendant has also filed two motions for sanctions against plaintiff under Federal Rule of Civil Procedure 11.

**Discussion**

As an initial matter the removal statute, 28 U.S.C. § 1441, does not allow for a plaintiff to remove a civil action from state court to federal court. *See* 28 U.S.C. § 1441. For this reason, the Court will grant defendant's motion and remand this action to the Circuit Court for the City of St. Louis, where it was brought and remains pending.

Additionally, assuming a plaintiff could remove his state court action to federal court, plaintiff has not met the burden of establishing federal jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). The party seeking removal and opposing remand has the burden of establishing federal jurisdiction. *Id.* Plaintiff's notice of removal does not allege any jurisdictional grounds for removal. Nor has plaintiff responded to defendant's motion to remand. Plaintiff has filed two documents, docketed as supplements to the notice of

---

[1] Plaintiff attaches to his notice of removal several documents from the state court, but does not attach the petition filed in state court. He also attaches several irrelevant documents including meeting minutes from the May 2019 meeting of the St. Louis County Libertarian Central Committee.

removal, that are indecipherable.[2] Thus, even if a plaintiff could remove his state court action to federal court, this action would be remanded for lack of subject matter jurisdiction.

Finally, the Court will deny defendant's motions for sanctions under Federal Rule 11. While plaintiff's filings are erratic and often nonsensical, the Court cannot find that plaintiff "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" *i.e.*, knowingly, filed documents for an improper purpose under Rule 11. *See* Fed. R. Civ. P. 11(b)-(c).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to remand is **GRANTED**. This case is **REMANDED** to the 22nd Judicial Circuit Court of the City of St. Louis, pursuant to 28 U.S.C. § 1447(c). A separate order of remand will be entered herewith. [ECF No. 6]

**IT IS FURTHER ORDERED** that plaintiff's pending motions are **DENIED as moot**. [ECF Nos. 5, 8, 9, 10, 13, and 14]

**IT IS FURTHER ORDERED** that defendant's motions for sanctions are **DENIED**. [ECF Nos. 7 and 12]

Dated this 30th day of August, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also has filed three motions that violate Federal Rule 7(b) by not "stat[ing] with particularity the grounds for seeking the order," not "stat[ing] the relief sought," and not being in the proper form. *See* ECF Nos. 5, 8, and 9. These motions are also indecipherable. Because the Court does not have jurisdiction over this case, it will deny these motions as moot.