**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THEODIS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1894-AGF |
| | ) | |
| THOMAS EARL ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's "motion to compel FRCP 42, & motion for reconsideration to abuse of discretion errorinous [sic] order 8/30/19 mailed 9/3/19 to plaintiff as justice delayed is justice denied & in alternative motion to invoke FRAP on NOA," which the Court will construe as a motion to reconsider its order of remand issued August 30, 2019. Because the Court lacks jurisdiction, the Court will deny plaintiff's motion.

On August 30, 2019, the Court remanded plaintiff's case to the Circuit Court for St. Louis City for lack of subject matter jurisdiction. *See* ECF No. 16. On that same date, the Clerk of Court mailed a copy of the order of remand to the City of St. Louis Circuit Court. *See id.* (notation on docket sheet). Plaintiff filed his motion for reconsideration on September 9, 2019.

Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). Under this statute, the Court lacks jurisdiction to review its remand order. *See, e.g., Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006) ("The combination of the remand order and the notice of appeal divested the district court of all jurisdiction, preempting the court from modifying its orders."). Although the Eighth Circuit has not addressed this issue directly, the Ninth, Third, Fifth, Fourth,

and Eleventh Circuits have held that a district court cannot reconsider a remand order.[1]  *See New Century Health Quality All., Inc. v. Blue Cross and Blue Shield of Kansas City, Inc.*, No. 05-0555-CV-W-SOW, 2005 WL 2319845, *1-2 (W.D. Mo. Sept. 20, 2005).  This Court has held the same.  *See Sheffield v. Janssen Pharm., Inc.*, No. 4:17-CV-1254-RLW, 2018 WL 280786, *1 (E.D. Mo. Jan. 3, 2018) (citing additional courts within the Eighth Circuit that have construed § 1447(d) to preclude reconsideration of orders of remand).

Pursuant to § 1447(d), the Court finds it no longer has jurisdiction over this matter, and has no authority to consider plaintiff's motion to reconsider.  As such, it will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "motion to compel FRCP 42, & motion for reconsideration to abuse of discretion errorinous [sic] order 8/30/19 mailed 9/3/19 to plaintiff as justice delayed is justice denied & in alternative motion to invoke FRAP on NOA," which the Court construes as a motion to reconsider its order of remand issued August 30, 2019, is **DENIED**. [ECF No. 17]

Dated this 1st day of October, 2019.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

---

[1] There is some debate about whether the Court can reconsider a remand order that has not yet been sent to the state court.  *See New Century Health Quality All., Inc. v. Blue Cross and Blue Shield of Kansas City, Inc.*, No. 05-0555-CV-W-SOW, 2005 WL 2319845, *1-2 (W.D. Mo. Sept. 20, 2005). Here, the Court had already sent the remand order to the state court at the time plaintiff filed his motion to reconsider, so this issue is irrelevant.